THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. ___24-612___ |
| MICHAEL DICIURCIO, | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT

The United States of America, for itself and on behalf of its agency, the Federal Aviation Administration (FAA), alleges as follows:

## INTRODUCTION

Philadelphia resident Michael DiCiurcio owns and operates small unmanned aircraft systems, commonly known as "drones." DiCiurcio operates unauthorized small unmanned aircraft systems in controlled airspace near the busy Philadelphia International Airport, and over the people and traffic in the city of Philadelphia, in inclement weather, at night, close to buildings, and in violation of numerous regulations and guidelines designed to keep people and property safe. Scores of times, DiCiurcio flew small unmanned aircraft systems without a remote pilot certificate, in violation of multiple regulations, and under unsafe circumstances, including lacking the ability to control the small unmanned aircraft systems, in fog, snow, rain, wind, and darkness. On three occasions, the FAA warned him, counseled and educated him, and spoke with him about his improper small unmanned aircraft systems operations. In defiance of the applicable regulations and the warnings he received, DiCiurcio persists in operating small

unmanned aircraft systems in a dangerous and unacceptable manner. The United States brings this action to enforce the safety regulations that DiCiurcio continues to knowingly violate.

## ALLEGATIONS

1. The United States brings this action for injunctive relief and to recover civil money penalties from Defendant for flying small unmanned aircraft systems (commonly known as "drones") unsafely and in violation of Federal Aviation Administration regulations.

2. The United States has exclusive sovereignty of airspace of the United States. 49 U.S.C. § 40103(a)(1). The Administrator of the FAA is charged with developing policy, regulations, and orders for use of the airspace necessary to ensure the safety of aircraft and the efficient use of airspace. 49 U.S.C. § 40103(b).

3. A person who violates the statutory provisions referenced in 49 U.S.C. § 46301, or any rule, regulation, or order issued under the statutory provisions, is subject to a civil penalty for each violation. The maximum civil penalty for each violation is prescribed by law.

4. This action is brought by the United States of America seeking injunctive relief and to recover civil penalties in the sum of $182,004.00 from Defendant Michael DiCiurcio under 49 U.S.C. § 46301(a).

### I. PARTIES

5. Plaintiff is the United States of America.

6. Defendant, Michael DiCiurcio, is an individual residing and operating small unmanned aircraft systems in the Philadelphia area. DiCiurcio frequently posts images of himself operating small unmanned aircraft systems on YouTube, and solicits payments from viewers to fund his continued small unmanned aircraft systems activities, examples below.



February 4, 2020



May 19, 2020



## II.   JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 49 U.S.C. §§ 46106, 46107(b), 46301(d)(4), 46305; and 28 U.S.C. §§ 1331 and 1345.

8. This Court has personal jurisdiction over the Defendant and venue is proper in this district under 49 U.S.C. § 46106, and 28 U.S.C. §§ 1395(a), and 1391(b)(1), and (b)(2), and (c)(1), because the Defendant can be found in, resides in, has transacted business in, and/or a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of Pennsylvania.

### III.  FACTUAL ALLEGATIONS

9. Michael DiCiurcio operated a small unmanned aircraft system, as pilot in command, in the vicinity of Philadelphia, PA, on the following flights:

   a. On or about December 29, 2019, at approximately 4:30 a.m.;

   b. On or about January 14, 2020;

   c. On or about January 18, 2020;

   d. On or about January 26, 2020;

   e. On or about January 28, 2020, at approximately 7:12 a.m.;

   f. On or about February 2, 2020;

   g. On or about February 4, 2020;

   h. On or about February 5, 2020;

   i. On or about February 19, 2020;

   j. On or about February 25, 2020;

   k. On or about March 20, 2020;

   l. On or about March 25, 2020;

   m. On or about March 31, 2020;

   n. On or about April 7, 2020;

   o. On or about May 19, 2020;

    p. On or about May 23, 2020;

    q. On or about May 25, 2020;

    r. On or about May 25 or early hours of May 26, 2020;

    s. On or about May 26, 2020;

    t. On or about June 2, 2020;

    u. On or about June 23, 2020;

    v. On or about June 24, 2020;

    w. On or about July 4, 2020;

    x. On or about July 15, 2020;

    y. On or about July 28, 2020;

    z. On or about August 4, 2020;

10. The flights referenced in paragraphs 9(b), (c), (g), (i), (k), (l), (m), (o), (p), and (t), were conducted in adverse weather.

11. Specifically, the flights referenced in paragraphs:

    a. 9(b) was operated in heavy fog;

    b. 9(c) was operated while it was snowing;

    c. 9(g) was operated while it was raining;

    d. 9(i) was operated during a heavy wind advisory;

    e. 9(k) was operated during heavy fog;

    f. 9(l) was operated while it was raining;

    g. 9(m) was operated during heavy fog;

    h. 9(o) was operated during strong winds;

    i. 9(p) was operated during strong winds; and

      j.   9(t) was operated during strong winds.

12. Additionally, the flights referenced in paragraphs 9(a), 9(f), 9(r), 9(s), 9(x), 9(y), and 9(z) above, were operated at night.

13. Moreover, the flight referenced in paragraph 9(b) above, was also operated in close proximity to the William Penn Statue, PSFS Building, and Liberty One Building, and the small unmanned aircraft system almost struck a church steeple during the flight.

14. The flight referenced in paragraph 9(e) above was operated in close proximity to the Comcast Technology Center, Liberty One Building, William Penn Statue, and near church steeples.

15. The flight referenced in paragraph 9(u) above was operated in close proximity to the William Penn Statue.

16. The flight referenced in paragraph 9(v) above was operated in close proximity to the Liberty One Building and other tall buildings in Center City resulting in a loss of signal to the small unmanned aircraft system, causing the small unmanned aircraft system to land unexpectedly.

17. During the flights referenced in paragraph 9 above, Michael DiCiurcio operated the small unmanned aircraft systems inside Class B controlled airspace, *i.e.*, airspace surrounding one of the nation's busiest airports.

18. During the flights referenced in paragraph 9 above, Michael DiCiurcio did not have prior authorization from Air Traffic Control (ATC) to operate the small unmanned aircraft systems within Class B airspace.

19. During the flights referenced in paragraph 9 above, Michael DiCiurcio operated the

small unmanned aircraft systems over people who were not directly participating in the operation of the small unmanned aircraft systems and/or were not located under a covered structure or inside a stationary vehicle.

20. Specifically, during the flights referenced in paragraph 9 above, Michael DiCiurcio operated the small unmanned aircraft systems over people and/or moving cars in the vicinity of Philadelphia, PA.

21. Additionally, during the flights referenced in paragraph 9(i) and 9(r) above, Michael DiCiurcio lost control of the small unmanned aircraft system, causing it to fly uncontrolled over the city of Philadelphia, PA.

22. By reason of the above, Michael DiCiurcio operated the flights referenced in paragraph 9(i) and 9(r) above as remote pilot in command when he did not have the ability to direct the small unmanned aircraft systems to ensure compliance with the applicable provisions of chapter 14 of the Federal Aviation Regulations.

23. By reason of all of the above, during the flights referenced in paragraph 9 above, Michael DiCiurcio acted as remote pilot in command of a small unmanned aircraft system without ensuring that the small unmanned aircraft systems would pose no undue hazard to other people, other aircraft, or other property in the event of a loss of control of the aircraft for any reason.

24. Prior to conducting the flights referenced in paragraph 9 above, as remote pilot in command, Michael DiCiurcio did not assess the operating environment, considering risks to persons and property in the immediate vicinity both on the surface and in the air; specifically, weather, airspace and any flight restrictions, and/or persons and property on the surface.

25. During the flights referenced in paragraph 9 above, Michael DiCiurcio operated the small unmanned aircraft systems, as remote pilot in command, solely using first person view.

26. As a result, Michael DiCiurcio did not operate the small unmanned aircraft systems with vision that is unaided by any device other than corrective lenses and did not ensure that he was able to see the small unmanned aircraft systems throughout the entire flight in order to: (1) Know the unmanned aircraft's location; (2) Determine the unmanned aircraft's attitude, altitude, and direction of flight; (3) Observe the airspace for other air traffic or hazards; and (4) Determine that the small unmanned aircraft system does not endanger the life or property of another.

27. At the time of the flights referenced in paragraph 9 above, Michael DiCiurcio did not hold a remote pilot certificate.

28. By reason of all of the above, Defendant manipulated the flight controls of a small unmanned aircraft system when he did not have a remote pilot certificate with a small unmanned aircraft systems rating issued pursuant to subpart C of 14 C.F.R. Part 107 and when he did not satisfy the requirements of 14 C.F.R. § 107.65 or was not under the direct supervision of a remote pilot in command who had the ability to take direct control of the flight of the small unmanned aircraft system.

29. Additionally, during the flights referenced in paragraph 9 above, Defendant acted as a remote pilot in command of a small unmanned aircraft system when he did not have a remote pilot certificate with a small UAS rating issued pursuant to Subpart C of 14 C.F.R. Part 107 and when he did not satisfy the requirements of 14 C.F.R. § 107.65.

30. By reason of all of the above, Defendant operated small unmanned aircraft systems in a careless or reckless manner so as to endanger the life or property of others.

31. By reason of all of the above, as remote pilot in command of the flights referenced in paragraph 9 above, Defendant did not ensure that the small unmanned aircraft systems operations complied with all applicable regulations of chapter 14 of the Federal Aviation Regulations.

32. On or about October 22, 2019, the FAA sent Defendant a Warning Letter regarding a previous flight involving a small unmanned aircraft system that was operated in violation of the Federal Aviation Regulations.

33. On or about November 4, 2019 and November 6, 2019, the FAA provided Defendant with counseling and education regarding requirements for safe operations of small unmanned aircraft systems under the Federal Aviation Regulations.

34. On or about November 5, 2020, the FAA sent Defendant a civil penalty letter, detailing the facts set forth above, the violations of Federal Aviation Regulations, and offering to settle the matter upon payment of the penalties owed.  The letter also advised Defendant that, if he did not wish to settle the matter, the FAA would refer the matter to the Department of Justice, which may bring a federal civil action for the full amount of the civil penalties owed.

35. Defendant responded to the civil penalty letter in writing and subsequently attended an informal conference with FAA counsel to discuss the matter.  To date, Defendant has not settled the matter nor paid the penalties owed.

## IV.    FEDERAL AVIATION REGULATION VIOLATIONS

36. By reason of the foregoing, Defendant Michael DiCiurcio violated the following Federal Aviation Regulations:

    a. 14 C.F.R. § 107.12(a), which states "[e]xcept as provided in paragraph (c) of this section, no person may manipulate the flight controls of a small unmanned aircraft system unless: (1) That person has a remote pilot certificate with a small UAS rating issued pursuant to subpart C of this part and satisfies the requirements of § 107.65; or (2) That person is under the direct supervision of a remote pilot in

command and the remote pilot in command has the ability to immediately take direct control of the flight of the small unmanned aircraft."

b. 14 C.F.R. § 107.12(b), which states "[e]xcept as provided in paragraph (c) of this section, no person may act as a remote pilot in command unless that person has a remote pilot certificate with a small UAS rating issued pursuant to Subpart C of this part and satisfies the requirements of § 107.65."

c. 14 C.F.R. § 107.19(c), which states "[t]he remote pilot in command must ensure that the small unmanned aircraft will pose no undue hazard to other people, other aircraft, or other property in the event of a loss of control of the aircraft for any reason."

d. 14 C.F.R. § 107.19(d), which states "[t]he remote pilot in command must ensure that the small UAS operation complies with all applicable regulations of this chapter."

e. 14 C.F.R. § 107.19(e), which states "[t]he remote pilot in command must have the ability to direct the small unmanned aircraft to ensure compliance with the applicable provisions of this chapter."

f. 14 C.F.R. § 107.23(a), which states "[n]o person may operate a small unmanned aircraft system in a careless or reckless manner so as to endanger the life or property of another."

g. 14 C.F.R. § 107.29(a), which states no person may operate a small unmanned aircraft system at night.

h. 14 C.F.R. § 107.31 which states: "(a)With vision that is unaided by any device other than corrective lenses, the remote pilot in command, the visual observer (if

one is used), and the person manipulating the flight control of the small unmanned aircraft system must be able to see the unmanned aircraft throughout the entire flight in order to: (1) Know the unmanned aircraft's location; (2) Determine the unmanned aircraft's attitude, altitude, and direction of flight; (3) Observe the airspace for other air traffic or hazards; and (4) Determine that the unmanned aircraft does not endanger the life or property of another. (b) Throughout the entire flight of the small unmanned aircraft, the ability described in paragraph (a) of this section must be exercised by either: (1) The remote pilot in command and the person manipulating the flight controls of the small unmanned aircraft system; or (2) A visual observer."

i. 14 C.F.R. § 107.39, which states, "No person may operate a small unmanned aircraft over a human being unless that human being is (a) directly participating in the operation of the small unmanned aircraft; or (b) located under a covered structure or inside a stationary vehicle that can provide reasonable protection from a falling small unmanned aircraft."

j. 14 C.F.R. § 107.41, which states, "No person may operate a small unmanned aircraft in Class B, Class C, or Class D airspace or within the lateral boundaries of the surface area of Class E airspace designated for an airport unless that person has prior authorization from Air Traffic Control (ATC)."

k. 14 C.F.R. § 107.49(a), which states, "Prior to flight the remote pilot in command must (a) Assess the operating environment, considering risks to persons and property in the immediate vicinity both on the surface and in the air. This assessment must include: (1) Local weather conditions; (2) Local airspace and

        any flight restrictions; (3) The location of persons and property on the surface; and (4) Other ground hazards."

    l. 14 C.F.R. § 107.65, which states, "A person may not operate a small unmanned aircraft system unless that person has completed one of the following within the previous 24 months: (a) passed an initial aeronautical knowledge test covering the areas of knowledge specified in § 107.73(a); (b) passed a recurrent aeronautical knowledge test covering the areas of knowledge specified in § 107.73(b); or (c) if a person holds a pilot certificate (other than a student pilot certificate) issued under part 61 of this chapter and meets the flight review requirements specified in § 61.56, passed either an initial or recurrent training course covering the areas of knowledge specified in § 107.74(a) or (b) in a manner acceptable to the Administrator."

37. Upon information and belief, including but not limited to Defendant DiCiurcio's continued posting of images of himself operating small unmanned aircraft systems on YouTube and soliciting payments from viewers, since August 2020 in the vicinity of Philadelphia, Pennsylvania, Defendant Michael DiCiurcio has continued to violate aviation safety regulations by operating many and various small unmanned aircraft systems in the manners described above, endangering the lives and property of others (including but not limited to crashing small unmanned aircraft systems, flying near the tops of tall buildings at over 1100 feet, and harassing and chasing birds).

38. In addition to the FAA and the Department of Transportation Office of Inspector General, upon information and belief, numerous other federal agencies have spoken with DiCiurcio about his flying small unmanned aircraft systems.

## COUNT I:  PENALTIES

39. The United States incorporates by this reference the allegations of paragraphs 1 through 38, above, as though set forth in full.

40. Pursuant to 49 U.S.C. § 46301(a)(5), Defendant is subject to a civil penalty not to exceed $1,501.00 for each violation of the Federal Aviation Regulations.

41. Based on all the foregoing, Defendant is liable for civil penalties in the amount of $182,004.00.

42. Unless enjoined by the Court, Defendant will continue to operate small unmanned aircraft systems in violation of FAA safety regulations, posing a threat to persons and property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America respectfully requests that this Court provide the following relief:

(1) A permanent injunction enjoining Defendant Michael DiCiurcio from operating any civil aircraft not in full compliance with 49 U.S.C. § 44809, or 14 C.F.R. Part 107; and

(2) Order Defendant Michael DiCiurcio to pay the full amount of the outstanding penalty amount of $182,004.00, together with interest from the date of entry of judgment; and

(3) Costs of suit, and such further relief as the Court deems justified.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Gregory B. David*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8443

Dated: February 9, 2024

VERIFICATION

I, Michael D. Bauer, Principal Maintenance Inspector fo the Federal Aviation Administration ("FAA") hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

I have read the foregoing Verified Complaint, and known the contents thereof and they are true of my own knowledge, except those matters stated to be alleged upon information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are from information gathered by myself, and other law enforcement officers, and information officially furnished to me as part of my investigation of this case as a [title].

I hereby verify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of February, 2024, at Philadelphia, Pennsylvania.

*/s/Michael D. Bauer*
Michael D. Bauer